IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RENDELL MILLER,

                           Plaintiff,

    v.

BURTON COX,

                           Defendant.

ORDER

08-cv-044-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz will be convalescing from shoulder surgery for a period of not less than sixty days beginning February 1, 2008, I have assumed administration of the cases previously assigned to him, including this one, which is before me on three separate matters. Plaintiff Miller has moved for appointment of counsel to represent him. In addition, he has asked that the court send him a copy of his complaint and Judge Shabaz's order allowing him to proceed in this action. Former plaintiff Eugene Cherry has moved for reconsideration of an order issued by Judge Shabaz on January 29, 2008, denying his request for leave to proceed in forma pauperis because Cherry has struck out. Before addressing these motions, a review of the history of the case may be helpful.

      On January 17, 2008, plaintiff Rendell Miller and inmate Eugene Cherry filed a group

1

complaint in this case that appears to have been drafted by Cherry. In the complaint, Cherry and plaintiff Miller alleged that Jon Litscher, Gary Boughton, Burton Cox and Peter Huibregtse were violating their constitutional rights in various ways. The complaint was accompanied by plaintiffs' requests for leave to proceed in forma pauperis.

In an order dated January 29, 2008, Judge Shabaz denied Eugene Cherry's request for leave to proceed in forma pauperis, on the ground that Cherry has struck out under 28 U.S.C. § 1915(g). However, he granted plaintiff Rendell Miller's request for leave to proceed on a single claim: that defendant Cox was deliberately indifferent to Miller's serious medical needs when Cox failed to arrange for plaintiff's head to be x-rayed following a fall plaintiff took in the shower on July 14, 2007, and later failed to increase the strength of plaintiff's pain medications. (Also in the January 28 order, Judge Shabaz dismissed defendants Litscher, Boughton and Huibregtse from the case after concluding that plaintiffs had not alleged that these defendants were involved personally in the denial of plaintiff Miller's Eighth Amendment rights.

Now plaintiff Miller asks that the court appoint counsel to represent him because he is indigent, unfamiliar with the law and court procedure, and in a poor position to obtain the help of other prisoners because he is confined at the Wisconsin Secure Program Facility. According to Miller, he relied on former plaintiff Cherry to draft the complaint and now that Cherry has been dismissed, Miller will be "unrepresented."

2

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, litigants in civil cases do not have a constitutional right to a lawyer; district courts have discretion to determine whether appointment of counsel is appropriate in a particular case. Pruitt v. Mote, 503 F.3d 647, 654, 656 (7th Cir. 2007).

As an initial matter, a plaintiff asking for appointed counsel must make a showing that he has attempted to obtain a lawyer on his own. Id. at 654. Usually, copies of letters from three lawyers who have declined to represent the plaintiff are sufficient to make such a showing. Plaintiff Miller has not made a showing that he has engaged in any effort to find a lawyer on his own.

Even if plaintiff had shown that he tried to get a lawyer to represent him and failed, I would conclude at this stage of the proceedings that this is not an appropriate case for appointed counsel. The test for determining whether to appoint counsel for a pro se litigant is two-fold. "[T]he question is whether the difficulty of the case, factually and legally, exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. Id. at 655.

To be sure, plaintiff appears to have a poor command of proper grammar and spelling. His motion is riddled with mis-spellings. Nevertheless, his motion is entirely understandable. He states his point clearly and directly. That he is indigent and knows little

3

about the law or how to file motions are not good reasons to appoint counsel. These handicaps are universal among pro se litigants. To help plaintiff in this regard, however, this court instructs pro se litigants at a preliminary pretrial conference held early on in the case about how to use discovery techniques available to all litigants under the Federal Rules of Civil Procedure so that they can gather the evidence they need to prove their claims. In addition, pro se litigants are provided a copy of this court's procedures for filing or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping pro se litigants understand how these matters work. In sum, plaintiff's lack of familiarity with court procedure is not a circumstance warranting appointment of counsel.

With respect to the complexity of the case, there is nothing in the record to suggest that this case is factually or legally difficult. Plaintiff's claim is a straightforward Eighth Amendment claim that he was denied medical care after he slipped and fell in the shower on July 14, 2007. The law governing this type of claim has been settled since <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). Plaintiff will have to prove that defendant Cox was deliberately indifferent to his serious medical needs. Perhaps plaintiff will find this a difficult task, but not because the claim is legally or factually difficult. Rather, the difficulty is that plaintiff's own allegations appear to suggest that plaintiff's complaint is about the *type* of treatment Cox provided, not the lack of it.

According to plaintiff's complaint, staff in the health services unit examined him immediately after his fall in the shower on July 14, 2007. The nurse or doctor identified a "knot" on plaintiff's skull and gave plaintiff an ice pack and medication for the pain in his head. Nine days later, plaintiff saw defendant Cox. Cox examined plaintiff, assessed plaintiff's complaints of "excruciating back and neck pain," and diagnosed him as having had a "post mild concussion," for which he prescribed Ibuprofen. Plaintiff alleges that he has continued to complain for almost five months about back, neck and head pain and that he requested repeatedly to have stronger pain medications and an x-ray taken, but that Cox declined to honor these requests. On December 27, 2007, defendant Cox advised plaintiff that he had scheduled plaintiff for a cat scan.

"Deliberate indifference" in the context of an Eighth Amendment claim means that a medical health professional was aware that the plaintiff needed medical treatment and that he faced a serious risk if treatment was not provided, yet he disregarded the risk by failing to take reasonable measures to treat the need. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996); Snipes v. Detella, 95 F.3d 586, 590-91 (7th Cir. 1996). Thus, neither incorrect diagnosis nor improper treatment resulting from negligence states an Eighth Amendment claim. Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997).

5

Instead, "deliberate indifference may be inferred [from] a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." Estate of Cole v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996). Mere differences of opinion regarding a patient's appropriate treatment do not show deliberate indifference. Id.; Snipes v. Detella, 95 F.3d at 591 (decision "whether one course of treatment is preferable to another" is beyond the [Eighth] Amendment's purview").

Because there is a strong possibility that evidence does not exist in this case that Dr. Cox's response to plaintiff's reports of pain following his slip and fall was a substantial departure from accepted professional judgment, I am not convinced at this time that this is an appropriate case in which to appoint counsel. Moreover, I am confident that if evidence of inappropriate treatment does exist, plaintiff will be able to obtain it on his own. Accordingly, plaintiff Miller's motion for appointment of counsel will be denied.

With respect to plaintiff Miller's request for a copy of the complaint and the order allowing him to proceed in forma pauperis, I am enclosing a copy of these documents to him with a copy of this order.

I turn then to former plaintiff Cherry's motion for reconsideration of the decision to deny his request for leave to proceed in forma pauperis on the ground that he has struck out.

6

Cherry admits that he has earned strikes in Hashim v. Berge, 01-cv-314-bbc and Cherry v. Berge, 05-cv-38-bbc. He disagrees, however, that he has also earned a strike in Cherry v. Belz, 03-cv-129-bbc (decided April 25, 2003), because, he argues, he was allowed to proceed on all of his claims in that case except one. As Cherry full well knows, he made this same argument in another of his cases, Cherry v. Boughton, 07-cv-732-bbc. In an order entered in that case on January 31, 2008, I explained why he had earned a strike in Cherry v. Belz. In particular, I stated,

> Petitioner appears to believe that because I did not state expressly in any order entered in Cherry v. Belz that I was recording a strike against him, I cannot now count that case as warranting a strike. He is wrong. There is no requirement in § 1915(g) that federal courts record strikes formally in the records of the cases in which strikes are earned. Strikes occur automatically when any case, and now pursuant to George [v. Smith, 507 F.3d 605 (7th Cir. 2007)] any claim, is dismissed from a lawsuit on the ground that it is legally frivolous or malicious or fails to state a claim upon which relief may be granted. Therefore, this court was required to count toward petitioner's three strike limit the claim that was dismissed in case no. 03-C-129-C, for failure to state a claim upon which relief may be granted. This court did not err in concluding that petitioner has incurred three strikes.

In arguing that he did not earn a strike in Cherry v. Belz in this case, Cherry has been less than forthright, apparently expecting that Judge Shabaz would not be aware of my ruling in case no. 07-cv-732-bbc. He states,

> Cherry filed an answer to Judge Crabb's order in the case Cherry v. Boughton, 07-cv-732-bbc, in late 1-08, and let the court know that he has only 2 and not 3 "strikes" *like the court stipulated.* (Emphasis added).

7

As is clear from the except of the January 31 order set out above, this court did not stipulate that Cherry had two strikes only as Cherry implies. To the contrary, it reiterated that Cherry has three strikes. Cherry's deliberate attempt to deceive Judge Shabaz is shameful and disappointing. Litigants who lie to the court may be subjected to severe sanctions, including dismissal of their cases. Although Cherry already has been dismissed from this case, his lack of honesty is not without effect. His character has been tainted. He will have to be especially careful in any future cases he might consider filing in this court to present accurate factual information if he hopes to earn back this court's trust in the strength of his word.

ORDER

IT IS ORDERED that plaintiff Rendell Miller's motion for appointment of counsel is DENIED.

Further, IT IS ORDERED that former plaintiff Eugene Cherry's motion for reconsideration of Judge Shabaz's January 29, 2008 decision to deny him leave to proceed in forma pauperis in this case because of his three-strike status is DENIED.

A copy of the complaint and January 29 order are enclosed to plaintiff Miller with a

8

copy of this order, as Miller requests.

Entered this 19th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

9