IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RENDELL MILLER,

                ORDER

       Plaintiff,

                08-cv-044-bbc

   v.

BURTON COX,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In this case plaintiff Rendell Miller is proceeding on his claim that defendant Burton

Cox violated his Eighth Amendment rights by failing to increase the strength of his pain

medication and to arrange for x-rays following a fall plaintiff took in the prison shower on

July 14, 2007.  On June 11, 2008, I denied plaintiff's motion to amend his complaint.  Now

plaintiff has submitted a letter asking that the court provide him with a copy of his amended

complaint, along with copies of his "ICE complaints and HSU slips" and his "discovery."

He contends that this material was destroyed during a cell search.

    If, in fact, prison officials took and destroyed documents related to this case that were

formerly in plaintiff's possession, I would be inclined to direct the Attorney General's office

to provide copies of these materials to plaintiff at no charge.  However, if plaintiff simply

failed to retain a copy of the documents for his own records, I will not send them to him unless he pays for them at the indigent rate of $.10 a page.

I am skeptical of plaintiff's representation that his documents were confiscated because this is not the first time that he has asked the court for copies of documents he filed in this case on the asserted ground that prison officials destroyed his copies. In early February, he wrote to ask for a copy of his complaint and this court's order granting him leave to proceed in forma pauperis because, in plaintiff's words, "the officers did a cell search and my complaint and in forma papers orders came up missing." In response to that request, the court provided the identified documents to plaintiff free of charge. Subsequently, plaintiff wrote to ask for free copies of legal opinions and documents filed in another inmate's case, Cherry v. Belz, 03-C-129-C. That request was denied in a letter dated March 6, 2008.

Because it seems doubtful that twice in the course of one lawsuit prison officials took plaintiff's legal papers relating to this case and failed to return them to him, I will refrain from asking defendants' counsel to prepare and send to plaintiff copies of his proposed amended complaint (Dkt. #33) (8 pages), his "ICE complaints and HSU slips" (Dkt. #31) (16 pages)  and his interrogatories, request for production of documents and request for admissions (Dkt. #27) (5 pages). Instead,

IT IS ORDERED that no later than July 9, 2008, plaintiff is to submit an affidavit

2

in which he declares under penalty of perjury that he retained a copy of these documents for his own records as he was required to do, and specifies the precise date that his cell was searched and the material was destroyed.  If, by July 9, 2008, petitioner submits such an affidavit, counsel for defendants may have until July 19, 2008, in which to verify that plaintiff's cell was, indeed, searched and that documents were taken and destroyed on the day plaintiff identifies.  If counsel's investigation reveals that plaintiff's assertions are true, then I expect defense counsel to arrange for plaintiff to receive replacement copies of the materials he has requested.  If, on the other hand, there is no record that plaintiff's cell was searched and materials destroyed on the date plaintiff specifies or, alternatively, if plaintiff fails to respond to this order by July 9, 2008, I will consider that he has withdrawn his request for copies and that he will renew his request at such time as he can submit a check or money order made payable to the clerk of court in the amount of $2.90 to cover the cost of making copies for him.

Entered this 2d day of July, 2008.

BY THE COURT:

_____
BARBARA B. CRABB
District Judge

3