IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RENDELL MILLER,

      Plaintiff,             ORDER

   v.

                      08-cv-44-bbc

BURTON COX,

      Defendant.

---

     This is a prisoner civil rights lawsuit in which plaintiff alleges that defendant violated plaintiff's constitutional rights by not immediately ordering a CT-scan and by not providing enough pain medication to plaintiff after he fell in the shower.  Before the court is plaintiff's motion to compel discovery, dkt. 36, which defendant opposes, dkt 42.  For the reasons stated below, I am denying plaintiff's motion with one minor exception.

     Plaintiff complains that defendant's responses to his discovery requests are not sworn, then deems inadequate defendant's responses to plaintiff's interrogatories Nos. 6, 7, 9, 10, 11, 12 and requests for production of documents 4 and 5.  Defendant has provided a copy of his written responses to these interrogatories and RFPs and has explained why he answered the way that he did.

     Defendant's discovery responses are adequate.  With regard to Interrogatories 6 and 7, plaintiff posed broad, general questions and received broad, general answers.  If plaintiff wants more specificity, he will have to pose more specific questions, preferably based on the facts at issue in his lawsuit.  If he poses another set of general question, he can count on getting another set of general answers.

     Int. 9 asks "State whether Dr. Cox should have ordered a CT-scan and/or X-rays with recommendation to a specialist when Mr. Miller's injuries were beyond Dr. Cox's expertise?"

Defendant responded "Plaintiff's injuries were never beyond Dr. Cox's expertise. A CT-scan was performed on January 4, 2008." This answer is responsive and complete. Defendant need not supplement it.

Int. 10 asks for the institution's "procedure and follow up" for prisoners who request medical care using a specified DOC form. Defendant provided a general overview that certainly is responsive as far as it goes, giving a sound-bite version of the nurses' triage procedure. In his pre-motion letter to the AAG (dkt. 36, Exh.1), plaintiff attempts to clarify: "What is the detail pattern a nurse must follow when submitted DOC-3035 provided by/request of prisoner? [All *sic*]." More detail on this process is not sufficiently relevant to require additional discovery from defendant. This court is allowing plaintiff to proceed against the physician who made the decisions that determined the treatment that plaintiff received. Plaintiff has not been granted leave to proceed against any of the other medical staff who simply reported to defendant or implemented defendant's directions and plaintiff is not likely ever to obtain leave. Therefore, detailed information about how the reporting triage system worked is not relevant. I can hypothesize circumstances in which information specific to plaintiff's DOC-3035 might be relevant, but this is not what plaintiff has requested in Int. 10.

Int. 11 asks for the names and credentials of each nurse or other medical staffer who reviewed plaintiff's medical request form "and credentials of [defendant] Dr. Burton Cox." For reasons stated in the previous paragraph, it is irrelevant and burdensome for plaintiff to start fishing for information about other medical workers at the institution who worked with defendant. However, plaintiff is entitled to know defendant's credentials, so if defendant hasn't already provided his CV or other documentation of his qualifications, he must do so. This is the only part of plaintiff's motion that I am granting.

Int. 12 seeks the names and credentials of medical staff who treated him during the period in dispute. As with Int. 11, this information is irrelevant. Plaintiff claims that he didn't get a timely CT-scan and that he didn't get appropriate pain medication. This court has granted leave for plaintiff to proceed against the person who made the decisions on both of these issues. Seeking discovery on underlings who merely reported information or executed defendant's instructions is not going to help plaintiff establish his claims.

In RFPs 4 and 5, plaintiff requests production of authenticated copies of his own medical records and of the "DOC 316" [from Wisconsin's Administrative Code] and "related duties to provide medical care." Defendant responded that plaintiff was free to look at his own medical records and make copies at 15¢/page; similarly, although defendant wasn't exactly sure what all was encompassed by plaintiff's RFP 5, plaintiff was free to review Wis. Adm. Code § DOC 316 and other documents in the prison law library and make his own copies at his own expense. This is a completely adequate response to both requests. Plaintiff is not entitled to anything else.


## ORDER

It is ORDERED that plaintiff's motion to compel discovery, dkt. 36 is DENIED, except that defendant must provide his job credentials if he has not already done so.


Entered this 18ᵗʰ day of July, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

3